[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition for habeas corpus relief from purported illegal confinement resulting from a conviction, after a guilty plea, of illegal possession of narcotics with intent to sell, in violation of Connecticut General Statutes Section 21a-277(a) and a finding of violation of probation.
The court finds the following facts. On August 27, 1991, the petitioner was facing original charges of illegal sale of narcotics by a non-drug-dependent person, in violation of Connecticut General Statutes Section 21a-278b; illegal possession of narcotics with intent to sell, in violation of Connecticut General Statutes Section 21a-277(a); and a violation of probation. The petitioner had previously entered not guilty pleas to the criminal charges and elected a jury trial. On that date, as a product of a pre-trial conference, the prosecuting authority offered to drop the most serious charge, viz. the Section 21a-278b count, if the petitioner plead guilty to the Section 21a-277(a) count and admitted the violation of probation. The judicial authority indicated that, in the event the petitioner accepted this offer he was likely to impose a sentence of seven years incarceration, execution suspended after five years, probation three years on the drug charge with two years incarceration, concurrent, for the violation of probation.
The petitioner was represented by a public defender, Attorney Tammy Geathers, who related the substance of the pre-trial discussion to the petitioner. She advised the petitioner regarding the rights he would have at a trial and would be giving up by pleading guilty, the nature and substance of the charges against him, and the maximum penalties he was facing if convicted after trial or by accepting the agreement, among other matters.
The petitioner asked Attorney Geathers about the amount of time he would spend incarcerated if he accepted the offer, CT Page 7520 and the sentencing judge imposed the sentence indicated. Attorney Geathers informed the petitioner that she could tell him the maximum sentence that the court could impose, but she could not and would not predict when the Corrections officials might actually release him. The petitioner never specifically inquired as to whether or not he would be eligible, in general, for supervised home release (SHR), under then-existing Connecticut General Statutes Section18-100(e), and Attorney Geathers never provided information as to the petitioner's eligibility or non-eligibility for SHR.
The petitioner elected to accept the plea offer by the state and entered a guilty plea under the Alford doctrine, on a substituted information, to a violation of Section21a-277(a), and he also admitted violating his probation (Respondent's Exhibit 1, pp. 2 and 3). The trial court canvassed the petitioner's guilty plea, found the plea to have been knowingly and voluntarily made, and accepted it. (Respondent's Exhibit 1, pp. 5 through 9). The petitioner waived a pre-sentence investigation, and the trial court imposed the sentence described above (Respondent's Exhibit 1, pp. 9 and 10).
Sometime after he began serving this sentence, the petitioner learned that, because he had a previous conviction for violating Section 21a-277(a), he was ineligible for SHR consideration by the Corrections Department. On February 7, 1992, the petitioner filed this habeas corpus action. The second count of the petition, as amended, alleges that Attorney Geathers rendered ineffective assistance to the petitioner by misinforming him that he would be eligible for SHR if he pled guilty in accordance with the plea offer. The first count of the amended petition was withdrawn.
The burden of proving an allegation of ineffective assistance of counsel, by a preponderance of the evidence, is on the petitioner, Johnson v. Commissioner, 218 Conn. 403
(1991), pp. 424 and 425. Credibility of the witnesses is an issue for the trier-of-fact to determine. Both the petitioner and Attorney Geathers testified at the habeas hearing. As noted above, the court finds that Attorney Geathers never advised the petitioner as to whether he would or would not be eligible for SHR. According to the petitioner's own testimony, he never asked the question of CT Page 7521 her regarding eligibility for SHR in general. Instead, he did ask his attorney when he was likely to be released. The court credits Attorney Geather's testimony which indicated that she declined to speculate as to such a release date for the petitioner.
Having failed to prove the factual allegation in the second count of the petition, by a preponderance of the evidence, i.e. that Attorney Geathers misadvised the petitioner regarding eligibility for SHR, the petition is dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court